# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

EDNA BLANTON                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:17-cv-129-KS-MTP

DOLLAR GENERAL CORPORATION, ET AL.                                              DEFENDANTS

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Compel [15]. On March 8, 2018, Defendants served their first set of interrogatories and first set of requests for production of documents upon Plaintiff. *See* Notices [9] [10]. On May 17, 2018, Defendants filed a Motion to Compel [11], asserting that Plaintiff had failed to provide any responses to their discovery requests. That same day, the Court denied the Motion [11] without prejudice because the parties did not schedule and complete a telephonic conference as required by the Case Management Order [8]. *See* Order [13].

On May 18, 2018, the Court conducted a telephonic conference with the parties, during which it was established that Plaintiff had not responded to Defendants' discovery requests and that the deadline for doing so had long since expired. Accordingly, the Court ordered Plaintiff to provide responses to Defendants' discovery requests on or before May 29, 2018. *See* Order [14]. The Court declined to impose cost, fees, or other sanctions against Plaintiff at that time, but warned Plaintiff that it may do so if she failed to comply with the Order [14].

On May 31, 2018, Defendants filed the instant Motion to Compel [15], asserting that Plaintiff failed to provide responses to their discovery requests as ordered by the Court. In their Motion [15], Defendants request that the Court order Plaintiff to provided discovery responses and impose sanctions against Plaintiff. The Court set an expedited briefing schedule for the

1

Motion [15], directing Plaintiff to file a response on or before June 5, 2018. Plaintiff did not file a response to the Motion [15].

Plaintiff has failed to comply with the Court's Order [14]. Thus, the Court will grant Defendants' Motion [15] to the extent they request an order compelling Plaintiff to provide responses to their discovery responses. Defendants also request that the Court impose sanctions, "up to and including dismissal." *See* Brief [16]. This Court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court."). Federal Rule of Civil Procedure 37(b) allows for sanctions when a party fails to obey a discovery order. The sanction may include directing that facts be taken as established, prohibiting the party from supporting or opposing claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, rendering default judgment, or finding the party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A). In lieu of, or in addition to the aforementioned sanctions, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc v. Piper*, 447 U.S. 752, 763-64 (1980).

Plaintiff failed to respond to the Motion to Compel [15] as directed by the Court, and the Court finds no substantial justification for Plaintiff's failure to cooperate in discovery or obey the Court's Order [14] or other circumstances which would make an award of fees and expenses unjust. Thus, Defendants should be awarded their attorney's fees and expenses incurred in connection with participating in the telephonic conference on May 18, 2018, and filing the instant Motion [15].

However, as acknowledged by Defendants, "dismissal is a harsh sanction." *See* Brief [16]. The Court finds that Plaintiff should be afforded a final opportunity to comply with the Court's orders and that a lesser sanction should be imposed. Plaintiff is warned that her failure to timely comply with this order may result in additional sanctions, including dismissal of this action.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Compel [15] is GRANTED in part and DENIED in part.

2. On or before June 11, 2018, Plaintiff shall provide complete responses to Defendants' first set of interrogatories and first set of requests for production of documents without objection.

3. On or before June 15, 2018, Defendants' counsel shall file an affidavit and itemization of fees and expenses incurred in connection with participating in the telephonic conference on May 18, 2018, and filing the Motion to Compel [15].

4. On or before June 20, 2018, Plaintiff shall file her response, if any, to the itemization of fees and expenses.

5. Thereafter, the Court shall award the monetary sanction by separate order.

6. Any other relief sought in the Motion to Compel [15] is denied.

SO ORDERED this the 7th day of June, 2018.

                                           s/Michael T. Parker
                                           UNITED STATES MAGISTRATE JUDGE